UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alan Svobodny, Charles Oscarson, Carroll
Paananen, and Douglas Westholter,

       Plaintiffs,

v.                                                             Civil No. 09-1965 (JNE/SRN)
                                                                ORDER

Zenith Administrators, Inc.,

       Defendant.

Allan Svobodny,[1] Charles Oscarson, Carroll Paananen, and Douglas Westholter (collectively, Plaintiffs) brought this action against Zenith Administrators, Inc. (Zenith), in state court for negligent misrepresentation and promissory estoppel. Zenith removed the action to this Court on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), and the complete preemption of Plaintiffs' claims under the Employee Retirement Income Security Act (ERISA), *see* 29 U.S.C. § 1132(a). Zenith's pending Motion to Dismiss is scheduled to be heard on Friday, September 25, 2009. For the reasons set forth below, the Court cancels the motion hearing and directs the parties to submit supplemental briefs on the issue of subject matter jurisdiction.

The Court briefly summarizes the Complaint's allegations here. Plaintiffs worked for Super Value, Inc., until August, September, or November 2007, and were members of the Teamsters Local 120. Throughout their employment, they contributed to the Minneapolis Food Distributing Industry Pension Plan (Plan). The Plan employed Zenith to calculate pension benefits to be received by members of Local 120 upon their retirement from Super Value and to communicate the results of those calculations to employees who were considering retirement.

---

[1]     The Complaint's caption misspells Svobodny's first name.

Before retiring, Plaintiffs contacted Zenith to find out their monthly retirement benefits. Zenith informed Plaintiffs accordingly, and Plaintiffs decided to retire. Approximately one year later, Zenith notified Plaintiffs that it had erroneously calculated their benefits. As of September 2008, Svobodny's monthly benefit decreased by approximately $181 per month; Paananen's monthly benefit decreased by approximately $290 per month; Westholter's monthly benefit decreased by approximately $278 per month; and Oscarson's monthly benefit decreased by approximately $224 per month. Plaintiffs then brought this action in state court against Zenith for negligent misrepresentation and promissory estoppel. They seek money damages premised on the difference between the monthly benefits initially calculated by Zenith and the monthly benefits that they presently receive from the Plan.

*Diversity jurisdiction*

Under 28 U.S.C. § 1332(a)(1), a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." In its Notice of Removal, Zenith asserts that Plaintiffs are citizens of Minnesota, that Zenith is a Maryland corporation whose principal place of business is in Illinois, and that the amount in controversy exceeds $75,000. Although complete diversity of citizenship exists, the Court questions whether the amount in controversy exceeds $75,000.

Plaintiffs are seeking money damages based on the difference between the monthly benefits initially calculated by Zenith and the monthly benefits they now receive based on Zenith's corrected calculations. Svobodny claims to have been damaged in the amount of $181.45 per month beginning in September 2008 and continuing for the rest of his life. Based on a remaining life expectancy of twenty-six years, he calculates the harm to him from Zenith's

alleged misrepresentation to be $56,612.40. Similar calculations performed by Paananen, Westholter, and Oscarson yield alleged harms of $76,445.15, $81,368.50, and $65,556.27, respectively. It does not appear that these amounts are the present value of the reductions to Plaintiffs' monthly benefits. *See Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 249 (8th Cir. 1987) ("Where the heart of a cause of action is a claim for future benefits, the amount in controversy is the present value of the claimed future benefit."). If the present value properly determines the amount in controversy, it seems likely that Plaintiffs' claims do not satisfy the required amount in controversy. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007) ("It is well settled that while an individual plaintiff's multiple claims against a single defendant may be aggregated to determine diversity jurisdiction, the separate claims of multiple plaintiffs against a single defendant cannot be aggregated to meet the jurisdictional requirement."). Accordingly, the Court directs the parties to address in supplemental briefing whether the present value of the reductions to Plaintiffs' monthly benefits determines the amount in controversy and, if so, whether the amount in controversy exceeds $75,000 for any Plaintiff. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

*Complete preemption*

Construing Plaintiffs' claims as claims under § 502 of ERISA, *see* 29 U.S.C. § 1132(a), Zenith removed the action based on the presence of a federal question. By invoking 29 U.S.C. § 1132 in its Notice of Removal, Zenith asserts that Plaintiffs' claims are completely preempted. In its Motion to Dismiss, however, Zenith relies not on 29 U.S.C. § 1132, but on 29 U.S.C. § 1144. Whereas 29 U.S.C. § 1132 gives rise to complete preemption, 29 U.S.C. § 1144 does not:

> There are two types of preemption under ERISA: "complete preemption" under ERISA § 502, 29 U.S.C. § 1132, and "express preemption" under ERISA

§ 514, 29 U.S.C. § 1144. Complete preemption occurs whenever Congress "so completely [preempts] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." "Claims arising under the civil enforcement provision of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), including a claim to recover benefits or enforce rights under the terms of an ERISA plan, implicate one such area of complete preemption." Because of complete preemption, any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court.

In contrast, ERISA's express preemption clause preempts any state law that "relate[s] to any employee benefit plan." Although express preemption does not allow for automatic removal to federal court, it does provide an affirmative defense against claims not completely preempted under ERISA § 502.

*Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 907 (8th Cir. 2005) (citations omitted); *see Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995) ("The difference between preemption and complete preemption is important. When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved.").

Here, Zenith's Motion to Dismiss is premised on preemption under 29 U.S.C. § 1144. In their memoranda, the parties agree that Zenith is not a plan administrator or plan fiduciary. Under these circumstances, the Court questions whether Zenith properly removed this action based on complete preemption. *See Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999) (stating complete preemption exists if, among other things, "the defendant [is] an ERISA entity"). The Court directs the parties to address in supplemental memoranda whether Zenith properly removed this action from state court based on complete preemption.

*Conclusion*

In sum, the Court directs the parties to submit supplemental memoranda on the issues noted above within fourteen days of the date of this Order. The parties may also submit affidavits and exhibits. No memorandum shall exceed 5,000 words, and the parties' memoranda shall otherwise comply with Local Rule 7.1(c), (e). The Court defers consideration of Zenith's Motion to Dismiss pending resolution of the jurisdictional issues raised in this Order. The motion hearing scheduled for September 25, 2009, is cancelled.

IT IS SO ORDERED.

Dated: September 23, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge